**WO** NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline Kendrick, | No. CV-15-01913-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| World Savings Bank, *et al.*, | |
| Defendants. | |

At issue is Defendant Wells Fargo & Company's Motion to Dismiss Plaintiff's Complaint (Doc. 5, MTD), to which *pro se* Plaintiff Jacqueline Kendrick filed a Response (Doc. 6, Resp.) and Defendant filed a Reply (Doc. 7, Reply). The Court has reviewed the parties' briefs and finds that the Complaint (Doc. 1-1 at 7–17, Compl.) fails to state a claim against Defendant. For the reasons that follow, the Court will grant Defendant's Motion to Dismiss but grant Plaintiff leave to amend Counts Two, Four, and Five of her Complaint.

**I.  BACKGROUND**

Plaintiff initiated this lawsuit in Arizona state court on August 17, 2015. (Compl. at 1.) Defendant removed this case from state court on September 23, 2015. (Doc. 1-1, Ex. 2.) In the Complaint, Plaintiff alleges the following facts, which the Court takes as true for the purpose of resolving Defendant's Motion to Dismiss. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

On April 20, 2007, Plaintiff obtained a loan from World Savings Bank, F.S.B. for $232,375 secured by a Deed of Trust for property located at 42742 W. Misty Morning

Lane, Maricopa, Arizona 85138 (the "Property"). (Compl. at 7–8.) The Deed of Trust named World Savings Bank as the beneficiary (the lender), Plaintiff as the trustor (the borrower), and a third party as the trustee (the holder of the legal title to the Property). (Doc. 1-1, Ex. 3.)[1] World Savings Bank later transferred its beneficial interest in the Deed of Trust into a Real Estate Mortgage Interest Conduit ("REMIC") Trust. (Compl. at 8.) Plaintiff notes that Wells Fargo & Company acquired World Savings Bank in 2008 (Compl. at 1), but the Complaint does not identify any specific acts taken by Defendant Wells Fargo & Company (Compl.). Instead, Plaintiff only alleges actions using the title "Defendants" generally.

In the Complaint,[2] Plaintiff refers to making payments on the loan in a timely manner. For example, Plaintiff alleges that "[a]fter signing the Deed of Trust and Note on April 20, 2007, Plaintiff did all, or substantially all of the significant things that the contract required her to do." (Compl. at 9.) Then, in more concrete language, Plaintiff asserts that "[a]ll conditions required by the contract on the part of the Plaintiff had occurred." (Compl. at 9.)

Plaintiff's primary claim is that Defendant did not have a right to foreclose on her property. (Compl. at 10.) She argues broadly that at some point during the transfer of her Note from beneficiary to beneficiary, Defendant "divested itself of the Note and Deed of Trust but did not comply with the covenants of the Deed of Trust, specifically, Covenant 28."[3] (Compl. at 9.) Plaintiff also alleges that Defendant could not foreclose on the

---

[1] The Court may consider the Deed of Trust document in the Motion to Dismiss stage because it is a public record at the heart of the dispute. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (holding that a court may take judicial notice of, and properly consider, matters of public record).

[2] The Complaint includes an affidavit from Plaintiff's proposed expert William McCaffrey. The Court, however, will not consider the affidavit at the Motion to Dismiss stage because the statements made in the affidavit do not form the basis of the Complaint. *See* Fed. R. Civ. P 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[a]ffidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint.") (citation omitted). Even if the affidavit were considered at this stage, the Court finds that it does not add to Plaintiff's allegations in the Complaint itself.

[3] In pertinent part, Covenant 28 states that "[u]pon payment of all Sums Secured

Property because Defendant did not have the original Note at the foreclosure sale. (Compl. at 10.) Plaintiff asserts that even if Defendant argues that it is the successor beneficiary entitled to foreclose, "[it] does not have the original Note to prove that [it is] in fact the party authorized to conduct the foreclosure." (Compl. at 10.)

Plaintiff brings the following five Counts against Defendant: (1) wrongful foreclosure (Compl. at 9); (2) breach of the implied covenant of good faith and fair dealing (Compl. at 10–12); (3) breach of contract (Compl. at 12–13); (4) slander of title (Compl. at 13); and (5) quiet title (Compl. at 13–14). In one additional Count, Plaintiff requests a temporary restraining order and injunctive relief. (Compl. at 14–15.) Defendant now moves to dismiss all claims against it.

## II.   LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). Generally, on a Rule 12(b)(6) motion to dismiss, Federal Rule of Civil Procedure 8(a) governs and requires that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Generally, when deciding a Rule 12(b)(6) motion, a district court may not consider material outside the pleadings. *Lee*, 250 F.3d at 688. To do otherwise would convert a motion to dismiss into a motion for summary judgment. *Id.*; *see* Fed. R. Civ. P. 12(b)(6). But there are two exceptions to this general rule: (1) a court may consider material

---

by this Security Instrument, Lender shall release this Security Instrument and all Secured Notes." (Doc. 1-1, Ex. B.)

1 properly submitted as part of the complaint, and (2) a court may take judicial notice of, and properly consider, matters of public record. *Lee*, 250 F.3d at 688.

## III. ANALYSIS

As a threshold matter, Defendant claims that by not objecting to the foreclosure sale before it occurred, Plaintiff has waived any right to object to the Trustee's Sale under Arizona Revised Statute § 33-811(C). (MTD at 4–5.) The statute provides that when a trustor fails to object to a foreclosure before it occurs, "[t]he trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale." A.R.S. § 33-811(C). Interpreting the statute, the Arizona Court of Appeals held that it "does not require the trustee to comply with the mailing requirements of § 33-809 for the waiver provision to apply later to the trustor." *Madison v. Groseth*, 279 P.3d 633, 637 (Ariz. Ct. App. 2012). After noting that the plaintiff had in fact received sufficient notice, *Madison* recognized the concern that, in other circumstances, its interpretation of Section 33-811(C) might "deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction to the sale." *Id.*

Here, Plaintiff filed this action after the April 2015 Trustee's Sale, and it is unclear whether Plaintiff received notice or that the trustee mailed or recorded notice for the sale. The facts before the Court are distinguishable from *Madison* because here, there is a potential deprivation of Plaintiff's due process where Kendrick may not have received sufficient notice. *See Hamilton v. Tiffany & Bosco, P.A.*, No. CV-14-00708-PHX-GMS, 2014 WL 4162362, at *5 (D. Ariz. Aug. 20, 2014). The Court need not decide Defendant's Motion to Dismiss on this basis, however, because Plaintiff's allegations, discussed below, fail to meet the pleading standard required by Rule 8(a).

### A.  Wrongful Foreclosure

Plaintiff first claims that Defendant did not have the right to foreclose on the Property, alleging a claim for wrongful foreclosure. (Compl. at 9.) Arizona has neither expressly recognized nor denied the existence of a wrongful foreclosure cause of action.

- 4 -

1 *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014). While some courts in this District have recognized the wrongful foreclosure cause of action, it is still unclear whether, and under what circumstances, Arizona state courts would recognize the cause of action. *See Madison*, 279 P.3d at 638. If Arizona were to explicitly recognize such a cause of action, the Ninth Circuit has suggested that one of its elements would very likely be that Plaintiff show a lack of default. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d at 784; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) (listing the elements for wrongful foreclosure in states that do recognize the cause of action). Even if Arizona recognized the wrongful foreclosure cause of action, Plaintiff's pleadings do not provide sufficient facts to withstand Defendant's Motion to Dismiss.

Plaintiff alleges that the Note to the Deed of Trust was paid in full due to her loan's transfer into a REMIC Trust – the securitization of her loan – and that "Defendant . . . divested itself of the Note and Deed of Trust but did not comply with the covenants of the Deed of Trust, specifically, Covenant 28." (Compl. at 9.) In her Response to Defendant's Motion, Plaintiff states that "the selling of a partial interest of the Note means the Note is left with no debt to evidence." (Resp. at 3.) Also, in a slightly different argument, Plaintiff alleges that "Defendant . . . do[es] not have the original [N]ote to prove that [it is] in fact the party authorized to conduct the foreclosure." (Compl. at 10.) Even if the Court liberally construes *pro se* Plaintiff's pleadings, such allegations are insufficient to survive a Rule 12(b)(6) motion.

"Securitization describes the process by which large numbers of home loans are 'pooled into a trust and converted into mortgage-backed securities that can be bought and sold by investors.'" *Diamond v. Wells Fargo Bank, N.A.*, No. CV-14-00975-PHX-SPL, 2015 WL 9691031, at *4 (D. Ariz. Jun. 30, 2015) (quoting *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 318 P.3d 419, 427 n.9 (Ariz. Ct. App. 2014)). "In the securitization process, ownership of a note might be transferred four or five times, from the original lender to the issuer of the securities, through one or more special purpose entities, and

- 5 -

finally to the trustee bank, which holds the legal interest in the note for the benefit of the securities [sic] holders." *Morgan v. Ocwen Loan Serv., LLC*, 795 F. Supp. 2d 1370, 1374 (N.D. Ga. 2011). Mortgage securitization is permitted by federal statute, *see* 15 U.S.C. § 77-4-1(A)(1)(B), and courts in this District have repeatedly confirmed that such securitization does not excuse a borrower from her loan obligations. *See, e.g.*, *Kuc v. Bank of Am., N.A.*, No. CV 12-08024-PCT-FJM, 2012 WL 1268126, at *3 (D. Ariz. Apr. 16, 2012); *Flournoy v. BAC Home Loan Servicing LP*, No. CV-11-01234-PHX-NVW, 2011 WL 4482996, at *3 (D. Ariz. Sept. 28, 2011).

Plaintiff does not clearly allege how or what part of the securitization process may have been mistaken or even illegal. (Compl. at 9–10.) Nor does Plaintiff cite any relevant case law or statutes to support the conclusion that the Note's transfer into the REMIC Trust left her and the Note debt-free. Instead, Plaintiff skips to the conclusion that the process left the Note debt-free. (Resp. at 3.) The facts pled cannot plausibly lead to such a conclusion. Plaintiff's claim that Defendant somehow "divested itself of the Note" and therefore lost its right to enforce the Note when it securitized the loan is not supported by the facts pled or established law. Thus, this claim fails to meet the Rule 8(a) pleading standard.

Plaintiff also argues that because the "Foreclosing Defendant" did not have the original Note present at the Trustee's Sale, it could not prove its interest in the property. (Compl. at 10.) First, the Complaint does not state which party is the "Foreclosing Defendant," but the Court assumes Plaintiff refers to Wells Fargo Bank, N.A., the successor beneficiary to the Deed of Trust. (Doc. 1-1, Ex. 3.) Second, this type of challenge to a Trustee's Sale relies on what is often called the "show me the note" theory, which the Arizona Supreme Court and this Court have consistently rejected. *See, e.g.*, *Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 782–83 (Ariz. 2012); *Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings."). Because a Trustee's Sale (a non-judicial foreclosure) is not an action on

the Note, it is not regulated by the Uniform Commercial Code ("UCC"), and thus the beneficiary is not required to "show the note" before the sale. *See Hogan*, 277 P.3d at 783; *Silving v. Wells Fargo Bank, N.A.*, 800 F. Supp. 2d. 1055, 1068 (D. Ariz. 2011) (stating that in a non-judicial foreclosure, "possession or non-possession of the paper note is not the relevant inquiry."). Moreover, Arizona's non-judicial foreclosure statutory scheme was created specifically to avoid the cumbersome foreclosure procedure required by the UCC. *See* A.R.S. §§ 33-801–821.

Because the foreclosing party is not required to have the original note at the foreclosure sale, Plaintiff's "show me the note" theory also fails as a matter of law. Accordingly, Plaintiff's wrongful foreclosure cause of action against Defendant is dismissed with prejudice as to her "show me the note" theory, and as to her securitization theory.

### B. Breach of Good Faith and Fair Dealing and Breach of Contract

In Counts Two and Three, Plaintiff alleges breach of the implied covenant of good faith and fair dealing and breach of contract. (Compl. at 10–13.) The Court considers these two claims together, and it appears Plaintiff relies on the same allegations for these two claims as in Count One. (Compl. at 10–13.) To determine what the parties agreed to in a contract, "the relevant inquiry always will focus on the contract itself." *Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986). In the Deed of Trust, the contract in dispute, the parties agreed that the property could be sold through the non-judicial foreclosure process in the event of default. (Doc. 1-1, Ex. B ¶ 27.) Plaintiff now claims that Defendant's proceeding with the non-judicial foreclosure constituted a breach of contract. (Compl. at 12–13.)

In her breach of contract claim Plaintiff alleges that under Covenant 28 of the Deed of Trust, Defendant had a "contractual obligation to release the beneficial security interest" when it securitized the loan. (Compl. at 12.) As discussed above, securitization does not release the borrower from her obligation on the loan, *Flournoy*, 2011 WL 4482996, at *3, and Defendant did not have an obligation to release its security interest

1 due to securitizing the loan. Because Plaintiff's claim in Count Three is based on the
2 repeatedly rejected theory that securitization pays off a loan, and because she does not
3 provide additional facts to support any plausible claim for breach of contract, the claim
4 cannot survive the motion to dismiss stage and will be dismissed with prejudice.

5 In Count Two, Plaintiff asserts a breach of good faith and fair dealing claim but
6 only provides several conclusory allegations. Arizona law "implies a covenant of good
7 faith and fair dealing in every contract." *Rawlings*, 726 P.2d at 569. This implied
8 covenant "prohibits a party from doing anything to prevent other parties to the contract
9 from receiving the benefits and entitlements of the agreement." *Wells Fargo Bank v. Ariz.*
10 *Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12,
11 28 (Ariz. 2002).

12 To support her claim, Plaintiff alleges that "Defendant engaged in such conduct to
13 drive Plaintiff into foreclosure so that [it] could acquire the Subject Property with its
14 large equity at a bargain basement price." (Compl. at 11.) Such an allegation cannot
15 survive a Rule 12(b)(6) motion without more facts to make a conclusion of breach of
16 good faith and fair dealing at least plausible. *See Twombly*, 550 U.S. at 570. Plaintiff's
17 claim does not allege any facts to trigger Arizona's implied good faith and fair dealing
18 law. Accordingly, Count Two will be dismissed without prejudice.

19 **C.     Slander of Title**

20 In Count Four, Plaintiff alleges that "the chain of title has not been disclosed, nor
21 recorded[,] pursuant to statutory requirements of law, and Plaintiff has suffered damage
22 as a result of the incomplete and slanderous title." (Compl. at 13.) Under Arizona law, the
23 elements of a slander of title claim are: (1) the uttering and publication of the slanderous
24 words by Defendant, (2) the falsity of the words, (3) malice, and (4) special damages.
25 *Zandonatti v. MERS*, No. CV 10-468-TUC-JGZ (BPV), 2011 WL 7553523, *7 (D. Ariz.
26 Dec. 16, 2011). "Of these elements, malice has been said to be the gist of the action." *Id.*
27 (quoting *City of Tempe v. Pilot Properties, Inc.*, 527 P.2d 515, 522 (Ariz. Ct. App.
28 1974)). Plaintiff has failed to allege any facts supporting malice or any of the four

elements of slander of title. Thus, the claim has no merit and fails to survive the motion to dismiss stage, and the Court will dismiss Count Four without prejudice.

### D.   Quiet Title and TRO with Injunctive Relief

In Count Five, Plaintiff seeks to quiet title against Defendant, arguing that "[Defendant has] no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure." (Compl. at 14.) Plaintiff, as trustor, has not explicitly alleged that she paid the entire loan balance before the April 2015 Trustee's Sale, an action required to successfully assert a quiet title claim. *See Eason v. IndyMac Bank, FSB*, No. CV 09-1423-PHX-JAT, 2010 WL 4573270, at *3 (D. Ariz. Nov. 5, 2010) ("Quiet title is not a remedy available to a trustor under an Arizona Trust Deed until the debt is paid or tendered."). Although Plaintiff has alleged that "[a]ll conditions required by the contract on the part of the Plaintiff had occurred," this Court does not interpret that as an allegation that Plaintiff has paid or tendered the entire debt. Accordingly, Plaintiff fails to meet the Rule 8(a) pleading standard, and the Court will dismiss Count Five without prejudice.

In Count Six, Plaintiff requests a temporary restraining order and injunctive relief, stating "the injuries and losses [stemming from the foreclosure] are continuing." (Compl. at 14–15.) It is well-established law that injunctive relief is not an independent cause of action, and in order to succeed on a claim for injunctive relief, Plaintiff must first offer a valid cause of action for which injunctive relief would be a remedy. *Albritton v. Tiffany & Bosco, P.A.*, No. CV 12-924-TUC-HCE, 2013 WL 3153848, at *11 (D. Ariz. June 19, 2013). As discussed above, Plaintiff has not pled any cause of action that survives Defendant's Motion to Dismiss. Accordingly, Plaintiff is not entitled to relief.

### E.   Proper Defendant

Plaintiff originally named Wells Fargo & Company as Defendant (Compl.), but in her Response to Defendant's present Motion, moved to substitute Wells Fargo Bank Southwest, N.A. ("WFSW") as Defendant (Resp. at 3). In its Motion, Defendant states that WFSW has merged into Wells Fargo Bank, N.A., and that Wells Fargo Bank, N.A. is

wholly owned by the original-named Defendant, Wells Fargo & Company. (MTD at 2.) Defendant argues that Plaintiff named the incorrect Defendant, and that there is a defect as to the real party in interest. (Reply at 4.) Because Plaintiff's Complaint fails to state a claim, however, this issue need not be addressed here. In accordance with the Court's discussion below and Federal Rule of Civil Procedure 15(a), Plaintiff may amend her Complaint to name the proper Defendant.

## IV. CONCLUSION

Plaintiff's substantive claims in Counts One through Five and her request for relief in Count Six all either fail as a matter of law or are not supported by sufficient facts and pleadings. If a defective complaint can be cured, Plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, Plaintiff may be able to cure various defects in some of her claims by amendment.

As to Count One, Plaintiff's wrongful foreclosure claim, so far as it is based on the rejected "show me the note" and securitization theories, is dismissed with prejudice.

As to Counts Two and Three, Plaintiff's implied covenant of good faith and fair dealing claim is dismissed without prejudice, and Plaintiff is permitted to plead additional facts to support the claim. Plaintiff, however, cannot state a breach of contract claim based on the rejected theory that securitization paid off her loan, and Count Three is dismissed with prejudice.

As to Count Four, Plaintiff failed to allege any facts relevant to a slander of title claim, but the Court dismisses Plaintiff's slander of title claim with leave to amend.

As to Count Five, the Court dismisses Plaintiff's request for quiet title with leave to amend if she can allege sufficient facts to meet Arizona law's quiet title requirements. Because a request for injunctive relief is dependent upon her stating a substantive claim and is not separate claim, but a remedy, Count Six is dismissed. Plaintiff may be able to apply for injunctive relief if she is able to cure the defects in Counts Two, Four, or Five.

1    **IT IS THEREFORE ORDERED** granting Wells Fargo & Company's Motion to
2    Dismiss Plaintiff's Complaint (Doc. 5) as to all claims against it.
3    **IT IS FURTHER ORDERED** that Plaintiff shall have an opportunity to amend
4    Counts Two, Four, and Five of the original Complaint, but any amendment must comply
5    with the provisions of this Order.
6    **IT IS FURTHER ORDERED** that Plaintiff must file any Amended Complaint
7    by April 12, 2016.
8    **IT IS FURTHER ORDERED** that should Plaintiff fail to timely file any
9    Amended Complaint, the Clerk of the Court will dismiss this matter and close this action
10   without further notice.
11   Dated this 31st day of March, 2016.

Honorable John J. Tuchi
United States District Judge